# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 30, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

160826

DANIEL STOMBER,
      Plaintiff-Appellant,

v

      SC: 160826
      COA: 347360
      Sanilac CC: 18-037518-CZ

SANILAC COUNTY DRAIN COMMISSIONER,
      Defendant-Appellee,

and

COUNTY OF SANILAC,
      Defendant.

_____/

On order of the Court, the application for leave to appeal the December 19, 2019 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and we REMAND this case to the Court of Appeals for reconsideration.

The claims in this case required the Court of Appeals to determine the actual extent of an easement for a drain that runs across the southern edge of the plaintiff's property. The releases at issue conveyed rights to fifty-foot strips of land on either side of the center-line of the drain. The fifty-foot strips were legally described, in part, as "land 50 feet wide on each side of a line . . . for construction of drain and deposition of earth. . . ." The releases also contained the following provision:

> **This conveyance** is based upon the above described line of Route and **shall be deemed to include the extreme width of said drain as shown in the survey thereof,** to which reference is hereby made for a more particular measurement, and includes a release for all claims to damages in any way arising from or incident to the opening and maintaining of said drain across said premises, **_and also_ sufficient ground on either side of the center line of said drain for the construction thereof and for the deposit of the excavations therefrom.** [Emphasis added.]

In interpreting this provision, the Court of Appeals determined that the easement actually extends beyond the fifty-foot strips explicitly described in the releases based on the "and also" language. The Court of Appeals explained, in part:

A "survey" can be "[t]he measuring of a tract of land and its boundaries and contents." *Black's Law Dictionary (8th ed).* The drafters of the releases would have understood the formal property descriptions to be the "surveys" referenced in the above language.

* * *

If the "and also" clause was merely a reference back to the same fifty-foot strips, the clause would be surplusage or nugatory; it would also make little grammatical sense. Thus, the language "and also" unambiguously signifies the conveyance of something beyond or in addition to the formally-described fifty-foot strips. [Slip op at 6.]

The Court of Appeals did not clearly articulate how it arrived at this conclusion. On remand, the Court of Appeals shall reconsider whether the easement actually extends beyond the fifty-foot strips explicitly described in the releases by addressing: (1) the basis for the conclusion that "[t]he drafters of the releases would have understood the formal property descriptions to be the 'surveys' referenced in the above language[;]" (2) whether the "formal property descriptions" of the fifty-foot strips referred only to "the extreme width of said drain as shown in the survey thereof," and, if so, the basis for this determination; (3) whether "the 'and also' clause was merely a reference back to the same fifty-foot strips," and, if so, the basis for this determination; (4) whether the inclusion of the phrase "for construction of drain and deposition of earth" within the "formal property descriptions" contemplates land other than the drain itself located within the fifty-foot strips that was reserved for maintenance; and (5) whether "and also" merely conjoined "the extreme width of said drain as shown in the survey thereof" with "sufficient ground on either side of the center line of said drain" in describing in plain language what the conveyance included.

In reconsidering whether the easement actually extends beyond the fifty-foot strips explicitly described in the releases, the Court of Appeals shall also reconsider those claims impacted by this determination that were disposed of on summary disposition pursuant to MCR 2.116(C)(7) and (8). The Court of Appeals should not conduct an analysis of those claims under MCR 2.116(C)(10). See *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152 (2019).

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 30, 2020



Clerk

p0923